1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRENCE BROTHERS,                    )
                                      )
               Petitioner,        )      2:13-cv-00132-JCM-NJK
                                      )
vs.                                   )      **ORDER**
                                      )
DWIGHT NEVEN, *et al.*,               )
                                      )
               Respondents.      )
_____/

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Previously, this court denied petitioner's motion to proceed *in forma pauperis* and required petitioner to pay the filing fee for this action.  (ECF No. 3).  Petitioner has now paid the filing fee for this action.  (ECF No. 5).

      Petitioner has filed a motion for the appointment of counsel.  (ECF No. 2).  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The petition on file in this action is well-written and sufficiently

clear in presenting the issues that petitioner wishes to bring.  The issues in this case are not complex.
It does not appear that counsel is justified in this instance.  The motion shall be denied.

The petition shall now be filed and served on respondents.  A petition for federal habeas
corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include
such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that
claim.  *See* 28 U.S.C. §2254(b) (successive petitions).

**IT IS THEREFORE ORDERED** that the clerk shall **FILE and ELECTRONICALLY
SERVE** the petition (ECF No. 1-1) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
this order within which to answer, or otherwise respond to, the petition.  In their answer or other
response, respondents shall address all claims presented in the petition.  Respondents shall raise all
potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed,
respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have
**forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel
(ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall
be filed with a separate index of exhibits identifying the exhibits by number or letter.  The hard copy
of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno**
Division of the clerk of court.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
General of the State of Nevada a copy of every pleading, motion, or other document he submits for
consideration by the court.  Petitioner shall include with the original paper submitted for filing a

certificate stating the date that a true and correct copy of the document was mailed to the Attorney General.  The court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this ___13th___ day of June, 2013.


_____
UNITED STATES DISTRICT JUDGE