UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRENCE BROTHERS, ) | |
| ) | |
| Petitioner, ) | Case No. 2:13-cv-00132-JAD-NJK |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DWIGHT NEVEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____/ | |

This action is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is Respondents' motion to dismiss. Doc. 9.

**I. Procedural History**

Petitioner was incarcerated after a judgment of conviction filed in Eighth Judicial District Court Case No. C111628. He was convicted of multiple crimes and is serving consecutive life sentences without the possibility of parole for murder with the use of a deadly weapon. Petitioner challenged his conviction in Case No. C111628 by filing a § 2254 petition in this Court, which was filed at Case No. 3:02-cv-00422-LRH-RAM. On December 3, 2004, this Court entered an order dismissing Grounds 4 and 5 of the petition as procedurally barred and denying the remaining grounds of the petition for lacking merit. Exhibit A[1]; Doc. 38 in Case No. 3:02-cv-00422-LRH-

---

[1] The exhibits referenced in this order are found in the Court's record at Doc. 10.

RAM.  Judgment was entered on December 6, 2004.  Doc. 39 in Case No. 3:02-cv-00422-LRH-RAM.  In 2006, the Ninth Circuit Court of Appeals affirmed this Court's decision to dismiss claims and deny the petition.  Exhibit B; Doc. 56 in Case No. 3:02-cv-00422-LRH-RAM.

Nearly six years later, petitioner filed a post-conviction habeas petition in the state court.  Exhibit C.  He alleged that his confinement was unlawful under state law because of the administration of his sentences since 1994.  *Id.*  He contended that he was placed on the "wrong sentence" therefore extending his detention – ignoring the fact that his sentences include life sentences without the possibility of parole.  *Id.*  Petitioner claimed that the Nevada Department of Corrections ignored state law by failing to give him parole hearings on his non-life sentences under state law from as far back as 2003.  Exhibit C at p. 5.  Petitioner's claims were raised and argued under state law.  *Id.*

An answer to the state petition was filed in March 2012.  Exhibit E.  At the time, it was suggested by the Department of Corrections that petitioner's sentence would be reviewed, but the Department subsequently advised that Nevada law had been followed and no changes to petitioner's sentence were required.  Exhibit F.  The state court denied the petition, finding that Nevada law was not violated and that any error was harmless because petitioner had no expiration date from prison due to his multiple sentences of life without the possibility of parole.  Exhibit H.

Petitioner appealed the denial of relief to the Nevada Supreme Court.  Exhibit I.  The Nevada Supreme Court denied relief, finding that Nevada law required that the longest sentence (i.e. life) was the controlling sentence for purposes of parole review, Exhibit J, and reviewing petitioner for institutional parole is a waste of resources because it could not lead to his release or eventual release because he is serving sentences of life without the possibility of parole.

Petitioner initiated the above-captioned habeas petition in this Court.  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  Petitioner did not indicate

the date on which he gave his petition to prison officials for mailing, Doc. 7 at p. 1, item 5,[2] but the federal petition was signed January 17, 2013. Doc. 7 at p. 20. Therefore, the earliest date on which the federal petition could have been mailed and deemed filed is January 17, 2013.

On June 13, 2013, this Court directed the Clerk to file and serve the petition on respondents. Doc. 6. The petition was filed by the Clerk on June 13, 2013. Doc. 7. Respondents were granted 45 days within which to file a response to the petition. Doc. 6. This petition appears to be the same petition filed in state court, except that petitioner has added one sentence asserting that "his Eighth and Fourteenth Amendment rights to prohibition against cruel and unusual punishment/due process/equal protection under the law has been violated based on these facts." Doc. 7 at p. 4.

Respondents now move to dismiss the current habeas petition. Doc. 9. Petitioner filed an opposition to the motion to dismiss and therein makes his second request for the appointment of counsel in this case. Doc. 12 at pp. 1-2. For the reasons below, the Court grants the motion to dismiss, denies the request for counsel, and dismisses this petition with prejudice.

**II. Discussion**

   **A. Petitioner's Renewed Request for Appointment of Counsel**

Before reaching the arguments within respondents' motion to dismiss, the Court addresses petitioner's renewed request for the appointment of counsel contained in his opposition to the motion to dismiss. Doc. 12 at pp. 1-2. In the order filed June 13, 2013, petitioner's first motion for the appointment of counsel was denied on the basis that the petition was well-written and sufficiently clear in presenting the issues that petitioner sought to bring. (Doc. 6). The Court also noted that the issues in this case are not complex. (*Id.*).

---

[2] The Court's reference to page numbers of the petition is based on the pagination within the CM/ECF document, rather than the pagination that petitioner wrote at the bottom of each page of the petition.

3

18 U.S.C. § 3006(a)(2)(B) gives the district court discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). Nothing in petitioner's renewed request for counsel causes this Court to depart from its conclusion that the appointment of counsel is unwarranted. Appointment of counsel is still not justified in this instance, and Petitioner's renewed request for the appointment of counsel is denied.

### B. Respondents' Motion to Dismiss

#### 1. Current Petition is Successive

Respondents argue that the petition is successive and is an abuse of the writ procedure. "'The doctrine of abuse of the writ defines circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for writ of habeas corpus.'" *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 470 (1991)). The doctrine "serves as a substitute for res judicata" because "res judicata, strictly speaking, does not attach to the denial of a first habeas petition." *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998 (en banc), *overruled in part by Woodford v. Garceau*, 538 U.S. 202 (2003). The AEDPA codified the "abuse of the writ" doctrine and "created a 'gatekeeping' mechanism restricting the filing of second or successive habeas applications in district court." *Barapind v. Reno*, 225 F.3d at 1110; 28 U.S.C. § 2244 *et seq*. Where a petition has been dismissed with prejudice as untimely or because of a procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). Ordinarily, a petitioner must obtain an order from the court of appeals authorizing a second or successive petition before filing it in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010); *Thompson v.*

4

*Calderon*, 151 F.3d 918, 920 (9th Cir. 1998) (en banc); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

28 U.S.C. § 2244(b)(1) provides, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior petition shall be dismissed." A claim presented in a second or successive habeas corpus petition that was not presented in a prior application shall be dismissed unless: (1) at least one of the claims relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) the factual predicate of his claim could not have been discovered earlier using due diligence and the claim establishes by clear and convincing evidence that, but for the error, no reasonable factfinder would have found petitioner guilty. 28 U.S.C. § 2244(b)(2). Petitioner must make a prima facie showing that he can satisfy the requirements of 28 U.S.C. § 2244(b). *Nevius v. McDaniel*, 104 F.3d 1120 (9th Cir. 1996).

Brothers previously challenged the same convictions in his § 2254 habeas petition filed in Case No. 3:02-cv-00422-LRH-RAM. That petition challenged his convictions on grounds that his plea was the product of ineffective assistance of counsel and other alleged instances of ineffective assistance of counsel. Doc. 20 in Case No. 3:02-cv-00422-LRH-RAM. On December 3, 2004, this Court dismissed two grounds of the petition as procedurally barred and denying the remaining grounds of the petition as lacking merit. (Exhibit A; Doc. 38 in Case No. 3:02-cv-00422-LRH-RAM).

The current petition challenges "the administration of his sentences since 1994" as it relates to the computation of his sentences and his eligibility for parole hearings. Petition, at Doc. 7. The Ninth Circuit has ruled that no second or successive authorization is required for parole-related claims where petitioner did not have an opportunity to raise the claim at the time he was challenging his conviction in his first petition. *Hill v. Alaska*, 297 F.3d 895, 899 (9th Cir. 2002). However, based on the allegations of the current petition, it is clear that petitioner had knowledge of the claims he

now alleges occurred between 1994 and 2003, which includes the time period during which his first federal habeas petition was pending. Petitioner had the opportunity, yet failed to inform the Court in his first habeas proceeding that his sentences were not being computed properly at that time. Because these claims could have been raised in his prior federal habeas petition and petitioner did not exercise due diligence and raise them until he filed the current habeas petition in 2013, the petition is successive and is subject to dismissal. 28 U.S.C. § 2244(b)(2).

### 2. Current Petition is Time-Barred

Respondents also argue that this petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations on the filing of federal habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

6

28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitation runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The AEDPA limitations period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The AEDPA limitations period is not tolled during the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner alleges that the errors in the computation of his sentences occurred as far back as 1994 and 2003. (Petition, Doc. 7, at pp. 3-10). The earliest date on which the federal petition could have been mailed and deemed filed is January 17, 2013. The petition in this case was filed many years after the factual predicate for the claims regarding computation of petitioner's sentences could have been discovered through the exercise of due diligence. Thus, the federal petition is untimely.

Although the statute "is subject to equitable tolling in appropriate cases," like when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)), petitioner has not presented this Court with any argument or evidence that he is entitled to equitable tolling. Thus, the petition is dismissed with prejudice as untimely.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to consider the availability of a certificate of appealability in the order disposing

of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, the Court concludes that no reasonable jurist would find this Court's dismissal of the petition debatable or wrong in light of the nature of the issues presented and the clear application of these controlling legal principles. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's renewed request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (Doc. 9) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 18th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE